UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **TIMMY A. LEWIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No.  1:14-cv-965-WTL-DML** |
| | ) | |
| **CAROLYN W. COLVIN, Commissioner of** | ) | |
| **the Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Timmy A. Lewis requests judicial review of the final decision of Defendant, Carolyn W. Colvin, Commissioner of the Social Security Administration ("Commissioner"), denying Mr. Lewis' application for Supplemental Security Income under Title XVI of the Social Security Act ("the Act").  The Court, having reviewed the record and the briefs of the parties, now rules as follows.

**I.      PROCEDURAL HISTORY**

Mr. Lewis protectively filed for SSI on August 10, 2009, alleging he became disabled on February 1, 2001.  Mr. Lewis' application was denied initially on November 17, 2009, and again upon reconsideration on January 11, 2010.  Following the denial upon reconsideration, Mr. Lewis requested and received a hearing in front of an Administrative Law Judge ("ALJ").  A hearing, during which Mr. Lewis was represented by counsel, was held before ALJ Stephen E. Davis on June 9, 2011.  The ALJ issued his decision denying Mr. Lewis' claim on July 11, 2011.

Mr. Lewis requested review by the Appeals Council, and the Appeals Council remanded the decision on May 15, 2012.[1]

A second hearing was thus held before ALJ Ronald T. Jordan on October 4, 2012. ALJ Jordan issued his decision denying Mr. Lewis' claim on February 20, 2013, and the Appeals Council denied his request for review on May 12, 2014. After the Appeals Council denied review of the ALJ's decision, Mr. Lewis filed this timely appeal.

## II.  <u>APPLICABLE STANDARD</u>

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of

---

[1] The Appeals Council found that ALJ Davis failed to accurately evaluate Mr. Lewis' mental impairments. *See* R. at 21, 39.

Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in her decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

## III.   THE ALJ'S DECISION

The ALJ determined at step one that Mr. Lewis had not engaged in substantial gainful activity since August 10, 2009, the application date. At steps two and three, the ALJ concluded that Mr. Lewis had the severe impairments of "a Bipolar Disorder, Depression, an Antisocial Personality Disorder, and a Substance Abuse Disorder," R. at 24, but that his impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ

3

determined that Mr. Lewis had the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels," but that Mr. Lewis was

> limited to the performance of simple, repetitive tasks that do not require independent judgment regarding primary work processes. Work goals from day to day should be static and predicable. He should have no contact with the general public necessary to perform the functions of the job and only occasional, superficial contact with coworkers.

*Id*. at 27. At step five, the ALJ noted that Mr. Lewis had no past relevant work; however, given Mr. Lewis' RFC, and considering Mr. Lewis' age, education, and work experience, the ALJ determined that Mr. Lewis could perform a range of work that exists in the national economy, including work as a packer, laundry bundler, and packing line worker. Accordingly, the ALJ concluded that Mr. Lewis was not disabled as defined by the Act.

## IV.    EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in Mr. Lewis' brief (Dkt. No. 18) and need not be recited here. Specific facts are set forth in the discussion section below where relevant.

## V.    DISCUSSION

In his brief in support of his Complaint, Mr. Lewis only argues that the ALJ did not conduct a proper credibility analysis. In determining credibility, an ALJ must consider several factors, including the claimant's daily activities, level of pain or symptoms, aggravating factors, medication, treatment, and limitations, *see* 20 C.F.R. § 404.1529(c); S.S.R. 96–7p, and justify his finding with specific reasons. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). "Furthermore, the ALJ may not discredit a claimant's testimony about his pain and limitations solely because there is no objective medical evidence supporting it." *Id.* (citations omitted). Of course, district courts "afford a credibility finding 'considerable deference,' and overturn [a

4

finding] only if 'patently wrong.'" *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quoting *Carradine v. Barnhart*, 36 F.3d 751, 758 (7th Cir. 2004)).

Mr. Lewis testified, in relevant part, that he: 1) could not be reliable to show up at a job on time every day, R. at 58; 2) gets aggravated when given instructions from superiors, *id.*; 3) has difficulties remembering what to do while on the job, *id.* at 59; and 4) has never been able to sustain a full time job, *id*. The ALJ noted that Mr. Lewis "stated that [his] conditions cause him to become irritable and fatigued. In addition, the claimant reported that he has difficulty concentrating and getting along with others." *Id*. at 28.

Mr. Lewis first argues that "[w]hile the ALJ clearly acknowledges he is supposed to make a finding on Mr. Lewis's credibility, he never actually makes that finding." Pl.'s Br. at 8. Mr. Lewis is correct that the ALJ did not explicitly state whether he found Mr. Lewis' testimony to be credible, not credible, or partially credible. However, the Court disagrees that this requires remand. *See R.J. ex rel. Taylor v. Colvin*, No. 1:11-cv-01001-SEB, 2014 WL 1328166, at *5 (S.D. Ind. Mar. 28, 2014) ("Remanding this case in order for the ALJ to include a 'rote conclusory' sentence expressly stating the obvious would be a waste of time and resources."); *Melton v. Colvin*, No. 1:13-cv-01712-SEB, 2015 WL 1279966, at *2 (S.D. Ind. Mar. 20, 2015) ("The absence of a credibility template statement does not persuade us that there is a sound basis to remand the ALJ's decision."). It is clear that the ALJ did not find Mr. Lewis to be fully credible, as he concluded that Mr. Lewis could sustain full-time employment. That said, however, many of Mr. Lewis' above complaints were accounted for in the ALJ's RFC assessment. *See, e.g.* R. at 27 (noting that Mr. Lewis should only have occasional and superficial contact with others and is limited to simple and repetitive tasks).

Mr. Lewis also notes that an ALJ must provide "specific reasons" for a credibility determination. *Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003) (noting that "the ALJ must *specify* the reasons for his [credibility] finding"); *see also Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 787-88 (7th Cir. 2003) (noting that "conclusory" credibility determinations are prohibited).  In this vein, he argues that the ALJ did not provide specific reasons for his credibility determination and erred in failing to discuss the factors listed in Social Security Ruling 96-7p.  The Court disagrees and finds that the ALJ provided sufficient evidence to support his decision; moreover, the ALJ discussed all of the following:

- Location, duration, frequency, and intensity of symptoms:  The ALJ noted that Mr. Lewis experienced irritability, fatigue, difficulties with concentration, and difficulties getting along with others, especially supervisors. R. at 28-29.

- Factors that precipitate and aggravate symptoms:  The ALJ noted that Mr. Lewis had been homeless for a period of time, that he had been in and out of prison, and that he had a history of substance abuse. *Id*.

- Type, dosage, effectiveness, and side effects of medication:  The ALJ noted that Mr. Lewis was prescribed Seroquel, which has helped him sleep and decreased his irritability and agitation. *Id*.

- Treatment other than medication:  The ALJ noted that Mr. Lewis completed both anger management and substance abuse treatment.  He also attended mental health therapy at Midtown Mental Health. *Id.* at 28.

- Other factors:  The ALJ credited Dr. Olive and the State Agency doctor's assessment regarding Mr. Lewis' ability to work. *Id*. at 30.

In all, the Court is satisfied with the ALJ's credibility determination.[2]

_____

[2] Mr. Lewis also argues that the ALJ "failed to mention, let alone properly discuss, treatment records from Dr. Smith, Dr. Dalsing, Wishard Memorial Hospital, Midtown Mental Health, Putnamville Correctional Facility, and the Marion County Jail (*see* Exhibits 1F, 2F, 5F, 14F-17F)." Pl.'s Br. at 10.  He has, however, failed to explain the relevancy of these records or how they may have affected the ALJ's credibility or disability determinations.

## VI.   <u>CONCLUSION</u>

As set forth above, the ALJ in this case satisfied his obligation to articulate reasons for his decision, and the decision is supported by substantial evidence in the record.  The decision of the Commissioner is therefore **AFFIRMED**.

SO ORDERED: 6/17/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication